**Abatement Order filed August 30, 2013**



**In The**

# Fourteenth Court of Appeals

———————————

**NO. 14-13-00057-CR**
**NO. 14-13-00058-CR**
**NO. 14-13-00059-CR**
**NO.  14-13-00060-CR**

———————————

**PATRICK MONROE BROWN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Court Cause No. 12-05-05599-CR**

---

## ABATEMENT ORDER

A jury convicted appellant of three counts of indecency with a child by sexual contact and one count of aggravated sexual assault of a child.  On the count of aggravated sexual assault, the jury sentenced appellant to confinement for eleven years in the Institutional Division of the Texas Department of Criminal Justice.  For each count of indecency with a child, the jury sentenced appellant to confinement for five years in the Institutional Division of the Texas Department of

Criminal Justice, suspended the sentence for five years and placed appellant under community supervision. The trial court granted the State's motion to accumulate the sentences and ordered the sentences to run consecutively. In each case, appellant filed a notice of appeal.

Appellant's appointed counsel filed a brief in which she concludes the appeal is wholly frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We disagree with appellate counsel's conclusion that there are no arguable issues for appeal, *see Anders*, 386 U.S. at 744, specifically, without limitation, whether the trial court's order for consecutive sentencing is in accordance with section 42.08 of the Texas Code of Criminal Procedure.[1] Accordingly, the case is abated and remanded to the trial court with instructions to appoint other counsel and have a supplemental clerk's record containing that appointment filed with the clerk of this Court within thirty (30) days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's supplemental clerk's record is filed with this Court.


PER CURIAM

---

[1] Our decision should not be viewed as a determination of the merits of any issues raised in the brief or a limitation on any issue that may be raised in this appeal. Appellant's new appellate counsel should personally review the record to determine what issues should be raised in this appeal.